IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREA PAULAKOVICH, | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-cv-2409-HLT-TJJ |
| | ) |
| OLATHE PUBLIC SCHOOL DISTRICT, USD 233, | ) |
| | ) |
|          Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Expert Disclosures (ECF No. 28). Pursuant to Federal Rules of Civil Procedure 26(a)(2)(C) and 37(c), Defendant asks the Court to enter an order striking Plaintiff's disclosure of Leif Leaf, Ph.D. ("Dr. Leaf"), Plaintiff's expert witness. Defendant argues Plaintiff's disclosure of Dr. Leaf contained an insufficient "summary of the facts and opinions" to which Dr. Leaf would testify, as required under Rule 26(a)(2)(C). Plaintiff argues its expert disclosure was unnecessary, and even if necessary, it was sufficient under Rule 26(a)(2)(C). As set forth below, the Court denies Defendant's motion.

**I.     Factual Background[1]**

Plaintiff worked for Defendant for over 18 years until her position was eliminated at the conclusion of the 2021-2022 school year. Between November 2019 and April 2021, Plaintiff claims Richard Wilson, the Director of Curriculum and Assessment, sexually harassed her in various ways, such as inappropriate comments and physical advances. After reporting the

---

[1] The facts contained in this section are taken from the allegations in Plaintiff's Complaint. (ECF No. 1)

1

inappropriate behavior to Brett Yeager, the District Assistant Superintendent, Plaintiff claims Mr. Wilson engaged in ongoing retaliatory behavior, including belittling her, raising his voice, criticizing her work, and undermining her ability to work by refusing to collaborate with her.

Plaintiff met with human resources about the behavior, and in December 2020, filed a complaint with Defendant. On April 29, 2021, Mr. Wilson leered at Plaintiff's chest during a meeting. On April 30, 2021, the District issued a decision on Plaintiff's Title IX complaint, finding her statement credible and agreeing that Mr. Wilson behaved inappropriately. The district concluded, however, that his conduct did not rise to the level of sexual harassment. On May 3, 2021, Plaintiff filed a second Title IX complaint over the April 29 leering incident. She worked with her counselor to manage the ongoing trauma of working under the inappropriate conditions.

On May 26, 2021, Plaintiff appealed the first Title IX complaint. Plaintiff alleges the district retaliated against her for filing her complaints in various ways, such as subjecting her to stricter scrutiny and curtailing her job duties. On July 20, 2021, Defendant informed Plaintiff that if she wanted to keep her job, she would have to work with Mr. Wilson or take a demotion to a role as Assistant Principal of a middle school or a resignation. Plaintiff declined and filed an additional retaliation claim with the Title IX office and filed a complaint with the Office of Civil Rights for the U.S. Department of Education.

On August 16, 2021, Plaintiff learned Defendant was dismantling her job by canceling the Fall School Improvement Leadership Network and taking away her responsibilities of leading the Learning Services Leadership Team or the Learning Service Department meetings. On November 8, 2021, Plaintiff learned Defendant planned to eliminate her position and she was told that she could resign at that time or finish the school year.

**II.     Procedural Background**

On October 9, 2022, Plaintiff filed this action against Defendant for Gender Discrimination, Hostile Work Environment/Harassment, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Pursuant to the Scheduling Order, the deadline for Plaintiff to disclose her experts was March 24, 2023.[2]  Pursuant to the Amended Scheduling Order, the parties' written discovery deadline was May 26, 2023, and the parties' discovery deadline to complete depositions is June 19, 2023.[3]

On March 24, 2023, Plaintiff timely disclosed her expert witness: Dr. Leaf.  The expert disclosure stated the following:

> Leif Leaf, Ph.D.  Dr. Leaf is expected to provide evidence and speak authoritatively regarding his therapeutic examination of Plaintiff.  It is anticipated that he will testify regarding her therapy and describe the emotional distress Plaintiff experienced resulting from her experience with Defendant Olathe Public School District, as described in Plaintiff's Complaint.[4]

The disclosure did not include any documents, reports, or records.  On April 12, 2023, Defense counsel conferred with Plaintiff's counsel in a good faith effort to obtain a more detailed disclosure without court action, but they were unable to reach any agreement.  On April 14, 2023, Defense counsel filed a motion to strike Plaintiff's expert disclosure.

**III.    Analysis**

Defendant argues Plaintiff's expert disclosure of Dr. Leaf does not meet the disclosure requirements under Fed. R. Civ. P. 26(a)(2)(C) and the Court should strike the disclosure.  Plaintiff argues the expert disclosure was unnecessary, and even if it was necessary, it was adequate under

---

[2] ECF No. 12.

[3] ECF No. 42.

[4] ECF No. 28-1, Exhibit A.

Rule 26(a)(2)(C). Plaintiff further argues that if the disclosure is insufficient, it should be allowed to supplement the disclosure because its error is harmless.

*A. Plaintiff's Disclosure of Dr. Leaf was Required and is Insufficient Under Rule 26(a)(2)*

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. It provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[5] These three Rules of Evidence provide the standard for the admissibility of expert opinion testimony,[6] note the proper bases of an expert's opinion testimony,[7] and generally allow an expert witness to express opinions without first disclosing the facts or data underlying the expert's opinion.[8]

The disclosures required under Rule 26(a)(2) differ depending upon whether the expert witness is "retained or specially employed to provide expert testimony in the case."[9] Under Rule 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by a written report signed by the witness and containing five categories of detailed information.[10] Under Rule 26(a)(2)(C), if the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is

---

[5] Fed. R. Civ. P. 26(a)(2)(A).

[6] Fed. R. Evid. 702.

[7] Fed. R. Evid. 703.

[8] Fed. R. Evid. 705.

[9] *See* Fed. R. Civ. P. 26(a)(2)(B).

[10] *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) for the requirements of the report.

4

expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[11]

     First, the Court finds Plaintiff's disclosure was necessary under Rule 26(a).  "A party is required to disclose experts when the anticipated testimony is expert in nature, not factual."[12]  "A treating physician presents special issues in that he is both 'a percipient witness of the treatment he rendered' but may also offer expert testimony extending beyond information made known to him during treatment."[13]  The comments to Rule 26(a)(2)(C) for the 2010 Amendments further clarify the disclosure requirements for a witness not required to provide a report pursuant to Rule 26(a)(2)(B), including specifically a physician or other health care professional, who may testify as a fact witness and also provide expert testimony.[14]  Dr. Leaf, Plaintiff's treating therapist, is a "prime example" of the type of individual who provides expert testimony under Rule 26(a)(2)(C).[15]  While brief, Plaintiff's expert disclosure indicates Dr. Leaf will "provide evidence and speak authoritatively regarding his therapeutic examination," which indicates he will provide

---

[11] Fed. R. Civ. P. 26(a)(2)(C).

[12] *Kone v. Tate*, No. 20-1080-TC-ADM, 2021 WL 1210009, at *4 (D. Kan. Mar. 31, 2021) (*citing Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013)).

[13] *Kone*, 2021 WL 1210009, at *4 (*citing Goodman v. Staples the Off. Superstore, LLC,* 644 F.3d 817, 824 (9th Cir. 2011)).

[14] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment ("Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[15] *Williams v. Haubstein*, No. 22-3008-SAC-RES, 2022 WL 4547466, at *3 (D. Kan. Sept. 29, 2022).

information beyond what was made known to him during the treatment and must be disclosed under Rule 26(a).

Second, the Court finds Plaintiff's expert disclosure does not meet the requirements of Rule 26(a)(2)(C). The disclosure required for such witnesses under Rule 26((a)(2)(C) is "considerably less extensive" than the report required under Rule 26(a)(2)(B).[16] Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[17]  However, in reviewing Plaintiff's expert witness disclosure, the Court keeps in mind that "Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided."[18] They must summarize actual and specific opinions and should provide "a brief account that states the main points" of the entirety of the anticipated testimony.[19] But this does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail, as imposing this standard would make Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report.[20] "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert."[21]

---

[16] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment.

[17] *Id.*

[18] *Fergus v. Faith Home Healthcare, Inc.,* No. 2:18-CV-02330-JWL-TJJ, 2019 WL 511642, at *2 (D. Kan. Feb. 8, 2019).

[19] *Chambers v. Fike,* No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014) (internal citations omitted).

[20] *Id.*

[21] *Id.*, *Fergus*, 2019 WL 511642, at *2.

The information listed by Plaintiff for Dr. Leaf is merely a general description that he will testify "regarding her therapy and describe the emotional distress Plaintiff experienced." Plaintiff fails to include the main points of the entirety of the witnesses' anticipated testimony, and any statement of their anticipated opinions is noticeably absent. The Court finds Plaintiff's general description therefore does not comply with the requirements of Rule 26(a)(2)(C).

*B.  Plaintiff's Insufficient Disclosure is Prejudicial but Can be Cured*

To ensure compliance with Rule 26 disclosure requirements, Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[22] The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court.[23] The district court is not required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose.[24] Nevertheless, the Tenth Circuit has held the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of

---

[22] Fed. R. Civ. P. 37(c)(1).

[23] *Neiberger v. Fed Ex Ground Package Syst., Inc.,* 566 F.3d 1184, 1191–92 (10th Cir. 2009) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

[24] *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply,* 170 F.3d at 993).

the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[25]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists."[26] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[27] "The failure to disclose is considered harmless 'when there is no prejudice to the party entitled to the disclosure.'"[28] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure.[29]

The burden to show the untimely disclosure here was substantially justified or harmless rests with Plaintiff. Plaintiff argues the delay is harmless because Defendant should not be surprised by evidence concerning Plaintiff's emotional distress, there is plenty of time to cure the prejudice, there is no potential trial disruption, and there is no evidence of Plaintiff's bad faith or willfulness. Defendant argues it would be prejudiced by the current disclosure as it does not allow it to adequately prepare for trial and allowing supplementation would prejudice Defendant because it should not have to incur the expense of deposing Dr. Leaf due to Plaintiff's noncompliance.

---

[25] *Id*.

[26] *Stewart v. United Parcel Serv., Inc.*, No. 20-2461-JAR-GEB, 2023 WL 143229, at *5 (D. Kan. Jan. 10, 2023).

[27] *Id.*

[28] *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (*quoting Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001)).

[29] *Id.*

First, the Court finds Defendant should not be surprised by testimony regarding Plaintiff's emotional distress as the topic was properly disclosed. However, Defendant would be surprised by the contents of Dr. Leaf's testimony as the disclosure was insufficiently detailed, as stated above. Second, the Court finds an opportunity for supplementation past the discovery deadline will be harmless because the prejudice to Defendant can be cured (without striking Dr. Leaf's opinion). Plaintiff requested permission to supplement Dr. Leaf's expert disclosure in the event the Court finds the disclosure insufficient. The Court is not persuaded by Defendant's argument that a delayed expert disclosure and deposition of Dr. Leaf would be prejudicial to Defendant. Defendant will not be prejudiced by incurring the cost of a delayed deposition of Dr. Leaf, as Defendant would have had to bear the cost of a deposition if the disclosure had initially been sufficient.

Third, the parties do not have a trial date scheduled, and during the May 25, 2023, status conference, the Court extended the parties' discovery deadline to complete depositions to June 19, 2023. Further, in anticipation of ruling on this motion, the Court held the discovery deadline in abeyance as it applies to Dr. Leaf. The Court therefore finds the existing timeframe is sufficient to cure the prejudice of Plaintiff's insufficient disclosure, without affecting the trial date in this case,[30] as follows: The Court will grant Plaintiff three weeks from the date of this Order, that is until June 23, 2023, to serve an expert disclosure of Dr. Leaf that abides by the requirements set forth in Rule 26(a)(2)(C). Additionally, the Court will allow Defendant six weeks from the date of this Order, that is until July 14, 2023, to complete Dr. Leaf's deposition, if it so chooses. All remaining scheduling order deadlines remain intact.

---

[30] *See Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *8 (D. Kan. Apr. 30, 2013) (finding five-month period before trial sufficient to cure prejudice of untimely disclosure).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosures (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff shall file a revised expert disclosure of Dr. Leaf by June 23, 2023.

**IT IS FURTHER ORDERED** that Defendant may take the deposition of Dr. Leaf on or before July 14, 2023.

Dated this 2nd day of June, 2023 at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge